IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INERGY PROPANE, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 10-cv-781 |
| | ) | |
| LORTZ & SONS MANUFACTURING COMPANY, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Inergy Propane, LLC's motion to remand [15] this case to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois. For the reasons set forth below, Plaintiff's motion [15] is granted.

**I.  Background**

On November 24, 2009, Plaintiff Inergy Propane, LLC ("Inergy") filed a complaint against Defendant Lortz & Son Manufacturing Company ("Lortz") in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, alleging violations of state law. On February 4, 2010, Defendant timely removed the lawsuit to the Northern District of Illinois.

Currently before the Court is Plaintiff's motion to remand [15] the case to the Circuit Court of DuPage County. Plaintiff maintains that its sole member is a citizen of California, as is Defendant Lortz, and that the Court therefore lacks jurisdiction given the absence of complete diversity of citizenship among the parties. Defendant's response does not challenge the legal authority cited by Plaintiff; rather, Defendant argues that Plaintiff has not presented the Court with competent evidence supporting remand.

1

II.   Analysis

   A.   **Legal Standards Governing Remand and Removal**

In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003). A plaintiff's choice of forum is presumed valid and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g., Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). Defendants bear the burden of establishing that all of the prerequisites for removal have been satisfied. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists"). In determining whether removal is proper, the Court must consider the jurisdictional circumstances at the time that the removal was made. See, *e.g., In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992); *Sheridan*, 2003 WL 22282378, at *3.

In this case, Defendant asserts that the Court has jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. In order for jurisdiction to be founded on diversity of citizenship, there generally must be complete diversity of citizenship – *i.e.*, no plaintiff can be a citizen of the same state as any defendant. See *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 546 n.1 (7th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In general, the inquiry focuses on diversity of citizenship at the time that the lawsuit was filed (see

2

*Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006)), although in the removal setting the time of removal furnishes the pertinent time frame (*Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997)). The Court considers the entire record in evaluating the existence of diversity jurisdiction. *Id.* at 479-80 ("The test should simply be whether the evidence sheds light on the situation which existed when the case was removed.").

For the purpose of determining citizenship, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The parties do not dispute that Defendant Lortz is incorporated and has its principal place of business in California. Therefore, Lortz is a citizen of California for purposes of diversity jurisdiction.

Plaintiff Inergy Propane, LLC is a limited liability company organized under the laws of the State of Delaware and operating in various states throughout the United States. The citizenship of a limited partnership is not determined by the state of organization and principal place of business, as with a corporation, but rather by the citizenship of each of its general and limited partners. See *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); see also *Cosgrove v. Bartolotta*, 150 F.3d 729, 730 (7th Cir. 1998); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998) (general partnerships, limited partnerships, joint stock companies, and unincorporated membership associations all are treated as citizens of every state of which any partner or member is a citizen). Inergy Propane, LLC is a wholly-owned subsidiary of Inergy L.P. – that is, Inergy L.P. is the sole member of Inergy Propane, LLC. See McLey Aff. at ¶ 2; Post Aff. at ¶ 2; see also Inergy Propane, LLC Operating Agreement at p. 14 ("Following the foregoing transactions, and by execution of this Agreement, all preferred interests of the

Company [Inergy Propane, LLC] are cancelled and the MLP [Inergy, L.P.] shall hold 100% of the common Membership interest in the Company."

According to the evidence submitted by Plaintiff and not refuted by Defendant, Inergy L.P. is a publicly traded limited partnership with approximately 42,000 limited partners/unit holders. McLey Aff. at ¶ 3. Thus, Inergy, L.P. is deemed to be a citizen of every state in which any of its limited partners is a citizen. See *Cosgrove*, 150 F.3d at 730 ("The citizenship of a partnership is the citizenship of the partners, even if they are limited partners, so that if even one of the partners (general or limited) is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit * * * * "[W]e conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). Plaintiff has demonstrated that, at a minimum, the limited partners of Inergy, L.P. include company employees based in California who participate in Inergy's Employment Purchase Plan. See *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (instructing that "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). The company's records show that each of those employees is a resident of California. See McLey Aff., at ¶¶ 4-5 and attachment 1. In addition, Plaintiff has presented the Court with affidavits from two employees who are members of Inergy L.P., attesting to the fact that they reside permanently in California and no other state; that they are registered to vote in California and no other state; and that they have resided in California for twenty-three and fifty-five years, respectively. See, *e.g.*, Stringer Aff.; Maltby Aff. Because limited partners of Inergy, L.P. are citizens of California, diversity does not exist in this case.[1]

---

[1] Lortz argues that certain filings with the Illinois Secretary of State are signed by an individual, John Sherman, and contain the designation "Member." However, Inergy Propane has presented affidavits

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion to remand [15] this case to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois is granted.

Dated: August 2, 2010

_____
Robert M. Dow, Jr.
United States District Judge

---

showing that the designation of Mr. Sherman as "Member," rather than as agent for the member (Inergy L.P.) was in error. See Post Aff.; Riddle Aff. More importantly, the filing does not identify *all* of the members of the LLC.